UNITED STATES DISTRICT
COURT DISTRICT OF
COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | Criminal Case No. 23 CR 347 (CJN) |
| : | |
| **MYSIRE POGE,** : | |
| | |
| **Defendant.** | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing. For the reasons herein, the United States requests that the Court sentence the defendant to a period of 41 months and 15 days of incarceration; the government further requests that the Court impose a period of 3 years of supervised release. In support of this sentence, the government states the following:

I.  **Factual Summary**

On June 16, 2023 at approximately 6:46 p.m. members of the Violent Crime Suppression Division were conducting gun interdiction activities in the 6th District. The investigators were in a vehicle travelling southbound in the 300 block of 51st Street, Northeast when investigators observed the defendant travelling Northbound on a dark color moped. The defendant saw the investigators heading in his direction and stopped, turned around and jumped the sidewalk curb in front of 239 51st Street, Northeast. Investigators proceeded to the rear alley of 239 51st Street,

1

Northeast and discovered the defendant's moped **(Figure 1)** on the side of 248 Division Avenue, Northeast.



**Figure 1**

Officer Brian Tejada saw the moped on the ground and walked out towards the street. When he looked to his left, he saw the defendant. **(Figure 2)**. The defendant seeing Officer Tejada began running and was grabbing his waistband.



**Figure 2**

2

Officer Tejada drew his firearm and chased the defendant as he took a left and ran towards an alley. The defendant was specifically running between 254 and 256 Division Avenue, Northeast, jumped over a chain linked fence and then behind 254 Division Avenue, Northeast. **(Figure 3).** Officer Reginald Hildebrandt was running behind Officer Tejada and continued to chase the defendant as well. Officer Tejada then circled back to the front of the house anticipating that the defendant would run back towards Division Avenue, Northeast. The defendant did just that, he ran in a circle in the hope that the officers who were still chasing him were behind him. **(Figure 4 & 5).**



**Figure 3**



**Figure 4**



**Figure 5**

Once Officer Tejada saw the defendant, he was able to detain and arrest the defendant in front of 248 Division Avenue, Northeast. Officer Mark Minzak was driving in an unmarked vehicle, saw the defendant as well and was able to assist in the arrest.

Investigators then canvassed the flightpath of the defendant and Investigator Daniel Tipps gave the predetermined code word for the presence of a firearm in the backyard behind 256 Division Avenue, Northeast. The recovered firearm was a Glock 27, 40 caliber semi-automatic pistol, serial number AAHH749. It had a 22 round capacity magazine with one round in the chamber and 17 rounds in the magazine. **(Figure 6, 7, 8 & 9).**



**Figure 6**



**Figure 7**



**Figure 8**



**Figure 9**

The firearm was swabbed and the DNA results matched the defendant.

**II.   Procedural History**

On October 3, 2023 the defendant was charged by indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by a Term Exceeding One Year.  On November 15, 2023 the defendant was detained after a detention hearing.  On February 7, 2024 the defendant pled guilty to the sole count of Unlawful Possession of a Firearm and Ammunition

6

by a Person Convicted of a Crime Punishable by a Term Exceeding One Year. *See* ECF No. 10.

    **III.**    **Sentencing Factors**

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a*). See United States v. Gall*, 128 S. Ct. 586, 596 (2007). Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). *United States v. Rita*, 127 S. Ct. 2456, 2463-65 (2007). The Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.

    1.    <u>Statutory Penalties and the U.S. Sentencing Guidelines</u>

The offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), carries with it a maximum sentence of 15 years of imprisonment; a fine of $250,000; and a term of supervised release of not more than three years.

    A.  <u>Offense Level Calculation</u>

The government agrees with the sentencing guidelines that the base level offense is **20** pursuant to U.S.S.G. §2.K2.1(a)(4)(B) and that an additional **2** point enhancement would apply pursuant to U.S.S.G. § 2K2.1(b)(4) as the firearm was stolen.

7

B. <u>Criminal History Category</u>

The Defendant has the following prior convictions (resulting in 6 criminal history points) and is therefore in Criminal History Category III:

- 2018 CF2 8966  Carrying a Pistol Without a License    4A1.1(a)    3
  Possession of Unregistered Firearm         and
  Unlawful Possession of Ammunition        4A1.2(k)(1)

- 2019 CF3 11038   Robbery                                            4A1.1(a)    3

The Defendant has demonstrated acceptance of responsibility for the offense and the offense level is decreased by two levels under U.S.S.G. § 3E1.1(a) and an additional level under U.S.S.G. § 3E1.1(b). Therefore, the defendant's total offense level is **19**.

C. <u>Argument</u>

The defendant has a significant criminal history and is a convicted felon. At the time of the instant offense, the defendant was still serving his sentence in a halfway house in D.C. Superior Court cases: case number 2019 CF3 11038, in which he was convicted of Robbery; and case number 2018 CF2 8966 in which he was convicted of Carrying A Pistol Without A License (CPWL), Possession of an Unregistered Firearm and Unlawful Possession of Ammunition. The defendant was placed on escape status on June 8, 2023 and was arrested in the instant offense on June 16, 2023.

On June 15, 2018, in 2018 CF2 8966, the defendant was arrested on a warrant after he fled from police on June 2, 2018. On June 2, 2018, law enforcement observed the defendant trying to remove the plastic near the headlight of a scooter with a flathead screwdriver. The defendant then fled, and although the police were unable to capture him, one of the officers

8

recognized the defendant and obtained an arrest warrant. On June 15 2018, after the defendant was arrested on the warrant and a search incident to arrest revealed a fully loaded firearm in the defendant's genital area under compression type undergarments. The defendant was sentenced on the firearm charges on November 14, 2018 and was originally given a suspended sentence and placed on supervised probation over a period of two years under the Youth Rehabilitative Act. While under High Intensity Supervision on the firearms case, the defendant tested positive for an illegal substance on August 5, 2019 and was arrested on August 24, 2019 for Armed Robbery and had his probation revoked on February 25, 2020. While in jail after his probation was revoked the defendant had several disciplinary infractions. On October 12, 2020 the defendant interfered with the jail staff taking count, on October 15, 2020 he was insolent to staff and on October 19, 2021 the defendant destroyed property valued at $100 or less. *See* PSR at 11-12.

In the armed robbery case, the defendant again, was armed with a firearm. He, along with two other armed suspects approached three complainants and robbed them of their jewelry, wallet and Iphone. The defendant was initially identified as a suspect because he was on an ankle monitor at the time of the offense and was very close to the offense location. He was subsequently identified in a photo array by one of the complainants and was sentenced to 50 months of incarceration. In sum, within a span of five years the defendant has been arrested with a firearm on *three* separate occasions, has been placed on escape status and appears to be escalating his level of danger to the community by robbing individuals.

Throughout the time the defendant has been on supervision, he has repeatedly failed to

comply with conditions while on release and on post-conviction supervision. The defendant has (i) been in possession of firearms; (ii) has associated himself with other individuals who are in possession of illegal firearms and committed a robbery; and (iii) has tested positive for illegal substances while on release. Furthermore, the defendant was released to a halfway house in both Superior Court cases on April 4, 2023, placed on escape status on June 8, 2023 and was arrested on the instant offense less than 75 days from his initial release to the halfway house, on June 16, 2023.

The consistent theme with the defendant's criminal history is that he continually possesses illegal firearms and fails to comply with supervision. In the instant case the defendant fled from police, drove the moped he was on in an erratic manner by jumping a curb, then ultimately abandoned the moped, tossed a loaded firearm in a residential neighborhood and ran from the police. In the robbery case the defendant was armed, threatened three complainants while under High Intensity Supervision. In the CPWL case, the defendant had fled from the police a week prior.

Courts have emphasized the *inherent* dangerousness of carrying a concealed, loaded firearm on one's person. *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *see United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence).

The defendant's crimes are not isolated from the community he lives in, rather they directly affect the community and the people who live in it. In Washington D.C., the rate of violent crimes committed with guns in the continues to rise: between May 6, 2021 and May 6, 2024, violent crimes committed with a gun went up by 2,666 citywide compared to the previous three years *Crime Cards*, MPD: https://crimecards.dc.gov/all:violent%20crimes/with%20a%20gun/3:years/citywide:heat (last visited May 6, 2024).

### IV. Conclusion

For the foregoing reasons, the government recommends that the Court sentence the defendant to a sentence of 41 months and 15 days of incarceration to be followed by a term of 3 years of supervised release. The government submits that a sentence of 41 months and 15 days of imprisonment is an appropriate sentence, which serves to protect the community, punish the defendant for his criminal conduct, and deter others from committing similar offenses, while also affording the defendant an opportunity at rehabilitation. The government submits that a sentence of 41 months of imprisonment and 15 days serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

Respectfully Submitted,
MATTHEW GRAVES
UNITED STATES ATTORNEY

BY:        /s/

SHEHZAD AKHTAR
D.C. Bar No. 493635
Assistant United States
Attorneys United States
Attorney's Office

11

601 D Street, N.W.  
Washington, D.C. 20530  
Telephone: (202) 252-7498  
E-mail: Shehzad.Akhtar@usdoj.gov

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel Alexis Gardner, via the electronic case filing system, this 9th day of May, 2024.

_____/s/_____

SHEHZAD AKHTAR  
Assistant United States Attorney